IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MARSHA UNDERWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3042-STA-tmp |
| | ) | |
| COLE LUMBER CO. INC. and the | ) | |
| COLE LUMBER COMPANY GROUP | ) | |
| HEALTH PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT**

Before the Court is Defendants' Motion for an Extension of Time to File an Answer (D.E. # 15), filed on February 8, 2012. For the following reasons, Defendants' Motion is **GRANTED**.

Plaintiff first filed her Complaint on November 23, 2011 (D.E. # 1.) After that date and the return of Defendants' executed summons on December 8, 2011 (D.E. # 6), the Docket reflects no activity but for the not insignificant filing of Plaintiff's Motion for Entry of Default (D.E. # 7), filed on January 20, 2012. However, after that filing, no case activity occurred until February 3, 2012, when Defendants entered a Notice of Appearance and filed a Response to the Motion for Entry of Default. (D.E. # 8, 10.) The Clerk of Court entered default later in the day on February 3, 2012. (D.E. # 12.)

1

In their Motion, Defendants state that their representatives inadvertently failed to submit the Summons to their carrier, thereby allowing the twenty-one day response deadline to expire.[1] Defendants point to the three factors underlying a court's evaluation of a motion to set aside entry of default and argue that the default should be set aside for three reasons.  First, they assert that Plaintiff will not be prejudiced by setting aside the default, as only a short delay will result.[2] Second, they state that they have several meritorious defenses which, if successful, would be contrary to the results achieved by a default.[3]  Finally, Defendants class their failure to timely respond as unintentional and not reckless; rather, they argue that "mitigating factors contributed to the failure of Defendants to file a responsive pleading within the time set out by the Federal Rules."[4]  Additionally, Defendants' Certificate of Consultation indicates that Plaintiff does not oppose setting aside the entry of default.

Federal Rule of Civil Procedure 55(c) provides that a district court "may set aside an entry of default for good cause shown."[5]  Whether good cause exists under Rule 55(c) is determined by examining three facts: (1) whether the plaintiff would be prejudiced; (2) whether

---

[1] (Defs.' Mot., D.E. # 15-1, at 1.)

[2] (*Id.* at 3.)

[3] (*Id.* at 3-4.)

[4] (*Id.* at 4.)

[5] Fed. R. Civ. P. 55(c).  The Court declines to rely on the excusable neglect standard under Rule 60(b), as Rule 60(b) applies only once a default judgment has been entered.  Here, the case has progressed only to the entry of default stage, and no motion for default judgment has been filed.

the defendant has a meritorious claim or defense; and (3) whether the defendant's culpable conduct led to the default.[6]

The Court finds that good cause exists to set aside the entry of default. Default was entered after Defendants had filed a Notice of Appearance and had responded to the Motion for Entry of Default. This timing weighs in favor of setting aside default. Additionally, the Court accepts Defendants' arguments regarding the three *Coin* factors, and it further notes that Plaintiff does not oppose Defendants' Motion.

Therefore, for the reasons set forth above, Defendants' Motion is **GRANTED**, and the entry of default is hereby set aside.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 22nd, 2012.

---

[6] *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).